United States District Court
District of New Hampshire

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Anne Huckins
818 Province Road
Strafford, NH 03884

 Plaintiff

V.          Civil Action No.

Life Insurance Company of
North America
1601 Chestnut Street
Philadelphia, PA 19192-2235

 Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

### PARTIES AND JURISDICTION

1. The Plaintiff, Anne Huckins, is a resident of the Town of Strafford, County of Strafford, State of New Hampshire.

2. Defendant, Life Insurance Company of North America (Cigna) is licensed to do business in New Hampshire.

3. Jurisdiction in this court is appropriate as this matter involves a Federal question pursuant to 29 USC, § 1132.

### FACTS COMMON TO ALL COUNTS

4. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs one through three above as though fully set forth herein.

5. The Plaintiff was employed by the Measured Progress, Inc. ("Measured Progress") until she ceased working on October 16, 2017 when she was no longer able to perform her job duties due to limitations from her cervical spine condition.

6. At all times relevant hereto, Measured Progress has provided its employees, including the Plaintiff, with employee group benefits underwritten by Cigna.

9. As part of the employee group insurance benefits plan at Measured Progress, the Plaintiff entered into an insurance contract underwritten by Cigna for long term disability insurance coverage, bearing the policy number LK-0963164.  (See Exhibit A.)

10. The Plaintiff's contract is a covered plan under 29 USC 1011 et seq., the Employee Retirement and Income Security Act (hereafter ERISA).

11. The Plaintiff was no longer able to continue her employment with Measured Progress due to her condition.

**COUNT 1 – EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA)   29 USC, SECTION 1001 et. Seq.**

12. The Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs one through fifteen, inclusive, as though fully set forth herein.

13. Pursuant to 29 USC, § 1132(a), a civil action may be brought by a participant or beneficiary of an ERISA qualified plan to recover benefits due him or her under the terms of this plan and/or to enforce his or her rights under the terms of the plan.  (See 29 USC, § 1132 (a) (1)(A)(B).)

14. The Plaintiff is an employee and a "participant" pursuant to 29 USC, § 1002 (6), (7) and the Disability Policy under which the Plaintiff was insured was "an employee welfare benefit plan" pursuant to 29 USC § 1002 (1).

15. The Plaintiff is clearly due full disability rights pursuant to their ERISA qualified disability benefits plan and the Defendant's denial of said benefits is undertaken in bad faith and contrary to ERISA.

16. The Plaintiff hereby requests this Honorable Court order the Defendant to make all payments including past payments, including interests and costs, to Plaintiff under their disability plan and further requests this Honorable Court to award their attorney's fees pursuant to 29 USC, § 1132 (G)(1).

WHEREFORE, Plaintiff prays that this Honorable Court:

    A.    Award Plaintiff her disability insurance benefits with interest, payable by Defendant, and continuing into the future; and

    B.    Award Plaintiff her attorney's fees and costs in having to prosecute this claim; and

    C.    Such other and further relief as the Court deems just and proper.

              RESPECTFULLY SUBMITTED,

              ANNE HUCKINS

              By and Through Her Attorney,

              ROUNDY LAW OFFICES, P.A.

Dated: January 22, 2019    By: /s/ Christopher G. Roundy
               Christopher G. Roundy #17753
               52 Littleworth Road
               Dover, NH 03820
               (603) 743-4800